AO 91 (Rev. 5/85) Criminal Complaint    MASTERS/DEA    AUSA CHASE

# United States District Court

**SOUTHERN** DISTRICT OF **FLORIDA**

UNITED STATES OF AMERICA

V.

MARK ALAN WORTMAN,
a/k/a "Shorty,"

**CRIMINAL COMPLAINT**

CASE NUMBER: $00-5195-LRJ$

(Name and Address of Defendant)

I, the undersigned complainant being duly sworn state the following is true and correct to the best of my knowledge and belief. From on or about August 1, 2000 through about August 22, 2000, in  Palm Beach and Broward  Counties, in the  Southern  District of  Florida  the defendant did, (Track Statutory Language of Offense) attempt to possess with the intent to distribute in excess of 100 kilograms of marijuana, a Schedule I controlled substance,

FILED by ___ D.C.

AUG 23 2000

CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

in violation of Title  21  United States Code, Section  841(a)(1) 

I further state that I am a  DEA Special Agent  and that this complaint is based on the following facts:

Please see attached affidavit.

Continued on the attached and made a part hereof:    [X] Yes  [ ] No

Signature of Complainant
THOMAS D. MASTERS
Drug Enforcement Administration, Special Agent

Sworn to before me, and subscribed in my presence,

August 23, 2000    at    West Palm Beach, Florida
Date                           City and State

Linnea R. Johnson
ANN E. VITUNAC
UNITED STATES MAGISTRATE JUDGE
Name and Title of Judicial Officer

Signature of Judicial Officer

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, THOMAS MASTERS, BEING SWORN, DEPOSES AND STATES:

1. I am a Special Agent with the United States Department of Justice, Drug Enforcement Administration (DEA), having been so employed since 1997. Prior to becoming a Special Agent with DEA, I was a Probation and Parole Agent for the State of South Carolina for approximately four (4) years. I have received specialized training in narcotics investigations and identification as well as the laws of search and seizure. The information below was obtained directly by your affiant as well as from information he was provided by other law enforcement officers. This affidavit is intended to serve as a summary of the investigation and does not include each and every detail.

2. On August 1, 2000, a DEA confidential source (CS) met with Mark Alan WORTMAN, a/k/a, "Shorty," at Hooter's Restaurant located at 2200 West Glades Road, Boca Raton, Florida. During this recorded meeting, WORTMAN stated to the CS that he was aware that Ronald COXE had been arrested for his role in transporting marijuana inside two (2) trailered boats from Arizona to Florida. WORTMAN added that he met with COXE prior to COXE'S arrest and arranged to help COXE distribute the marijuana transported inside both boats.

3. On August 7, 2000, the CS met WORTMAN at the previously-mentioned Hooter's Restaurant for a recorded meeting. During this meeting, the CS stated to WORTMAN that only one (1) of the marijuana-laden boats was seized by law enforcement and that the CS might be able to locate the other marijuana-laden boat that had not been confiscated by the police.

4. On August 8, 2000, the CS met WORTMAN at the Hooter's Restaurant mentioned in paragraph 2 for a recorded meeting. During this meeting, the CS told WORTMAN

Page 1 of 4

that the CS could locate the marijuana-laden boat that had not been confiscated by the police. WORTMAN advised the CS that he (WORTMAN) wanted to distribute the marijuana that was secreted inside the boat and had two (2) sources of money to pay for the marijuana.

5. On August 13, 2000, the CS met with WORTMAN and an unidentified potential money source for the marijuana at the Hooter's Restaurant mentioned in paragraph 2 for a recorded meeting. During this meeting, WORTMAN and the unidentified potential money source discussed with the CS the future purchase of marijuana from the CS.

6. On August 14, 2000, the CS met with WORTMAN at the Hooter's Restaurant mentioned in paragraph 2 and introduced Broward County Sheriff's Office Deputy Sheriff William Skirvin, who was acting in an undercover capacity, to WORTMAN as a driver of the marijuana-laden boat not seized by law enforcement. Deputy Skirvin stated to WORTMAN that he (Deputy Skirvin) controlled marijuana for COXE and requested cash upon delivery of the marijuana to WORTMAN. WORTMAN stated he was in the process of securing the money to buy the marijuana.

7. On August 18, 2000, Deputy Skirvin met with WORTMAN at the Quest Lounge, 381 West Prospect Road, Fort Lauderdale, Florida. During this recorded meeting, Deputy Skirvin and WORTMAN discussed how the delivery of the marijuana and the payment for the marijuana would occur. Deputy Skirvin explained to WORTMAN that the load of marijuana weighed approximately 225 pounds and asked for payment upon delivery of the marijuana. WORTMAN stated that the marijuana he had received during pas transactions was given to him on consignment. Deputy Skirvin stated to WORTMAN that he would check with COXE to see if the marijuana could be delivered to WORTMAN without cash paid upon delivery.

8. On August 22, 2000, Deputy Skirvin called WORTMAN to arrange a meeting at the Quest Lounge mentioned in paragraph 7. During this recorded meeting, Deputy Skirvin agreed to provide the marijuana to WORTMAN without an immediate cash payment. WORTMAN stated to Deputy Skirvin that he (WORTMAN) needed to be careful because he had previously been convicted of Continuing Criminal Enterprise. WORTMAN added that he was in possession of $160,000.00 in United States currency as payment for the marijuana from his money source. Deputy Skirvin reiterated that the marijuana weighed between 225 and 230 pounds. WORTMAN stated that he wanted to take delivery of all the marijuana, but only had $160,000.00 to pay for approximately 175 pounds. WORTMAN asked Deputy Skirvin if he (WORTMAN) could either owe Deputy Skirvin for the marijuana in excess of 175 pounds or take delivery of 175 pounds of marijuana and return later to purchase the remaining 50 to 55 pounds of marijuana. After Deputy Skirvin agreed to permit WORTMAN to take delivery of the entire amount of marijuana, WORTMAN followed Deputy Skirvin to a warehouse to take possession of the marijuana.

9. Upon completion of the meeting mentioned in paragraph 8, surveillance units observed WORTMAN driving a 1989 Ford pick up following Deputy Skirvin's vehicle to an undercover warehouse facility. Upon arrival at the warehouse, WORTMAN backed his vehicle into the warehouse, got out of his truck, and began unloading items from the bed of his pick up to make room for the marijuana. WORTMAN assured Deputy Skirvin that he (Deputy Skirvin) could ride with WORTMAN to retrieve the $160,000 as partial payment for the purchase of the marijuana. Deputy Skirvin handed bales of marijuana to WORTMAN. These bales had been previously seized by law enforcement in an unrelated investigation and tested positive for

Page 3 of 4

marijuana. WORTMAN proceeded to load the bales of marijuana into a container attached to the inside of the pick-up truck's bed. After WORTMAN loaded approximately seven (7) bales of marijuana into the pick-up truck, Agents/Officers arrested WORTMAN. The entire loading of marijuana by WORTMAN inside the warehouse was videotape recorded.

10. Subsequent to his arrest, WORTMAN signed a consent form allowing law enforcement to search his residence, apartment 106 located at 737 Southeast 1st Way, in Deerfield Beach, Florida. Agents/Officers then accompanied WORTMAN to his residence, where WORTMAN showed Agents/Officers a duffel bag represented by WORTMAN to contain $160,000 in United States currency. Agents/Officers have yet to count said currency.

11. After waiving his Miranda rights, WORTMAN stated that he had picked up the $160,000.00 from his money source on either the previous Friday or Saturday and intended to use the money to buy the marijuana from Deputy Skirvin.

12. In addition to the seven (7) recorded meetings with WORTMAN, numerous recorded telephone calls were made discussing both the purchase of the marijuana by WORTMAN and scheduling the previously-described meetings.

**FURTHER AFFIANT SAYETH NAUGHT.**

Thomas D. Masters, Special Agent
Drug Enforcement Administration

Subscribed to and sworn before me
this 23rd day of August 2000.

ANN E. VITUNAC
UNITED STATES MAGISTRATE JUDGE

Page 4 of 4