UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6249-CR-ROETTGER\SNOW

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) |
| | ) |
| MARK ALAN WORTMAN, | ) |
| a/k/a "Shorty," | ) |
| | ) |
| Defendant. | ) |

## GOVERNMENT'S RESPONSE TO STANDING DISCOVERY ORDER

The United States files this response to the Standing Discovery Order issued in this case.

This response is numbered to correspond to that Order.

- A. 1. The government is aware of recorded statements made by the defendants during the course of the investigation. Produced by the government with this discovery response are copies of the following 8 audiotape recordings that are identified by the exhibit number attached to the same by the DEA: N-251; N-263; N-264; N-265; N-266; N-267; N-268; and N-271.

  2. The government is aware of oral statements made by the defendant before or after arrest in response to interrogation by any person then known to the defendant to be a government agent that the government intends to use at trial. Attached please find a 2 page report regarding the defendant's oral statement made subsequent to his arrest and a 3 page report concerning the defendant's consent to search and the results of the search.

  3. The defendants did not testified before the Grand Jury.

  4. The NCIC record of the defendant will be produced upon receipt.

  5. Books, papers, documents, photographs, tangible objects, buildings or places which the government intends to use as evidence at trial to prove its case in chief, or were obtained or belonging to the defendant may be inspected on a mutually convenient time at the Office of the United States

Attorney, 500 East Broward Boulevard, Suite 700 in Fort Lauderdale, Florida. Please call the undersigned to set up a date and time that is convenient to both parties.

6. There were no physical or mental examinations or scientific tests or experiments made in connection with this case.

B. DEMAND FOR RECIPROCAL DISCOVERY: The United States requests the disclosure and production of materials enumerated as items 1, 2 and 3 of Section B of the Standing Discovery Order. This request is also made pursuant to Rule 16(b) of the Federal Rules of Criminal Procedure.

C. The government is unaware of information or material which may be favorable on the issues of guilt or punishment within the scope of Brady.

D. The undersigned prosecutor is presently aware of payments, promises of immunity, leniency, or preferential treatment, made to prospective government witnesses, within the scope of Giglio or Napue. Such information will be produced upon receipt from the investigating officers.

E. The government is aware of prior convictions of the informant who may testify for the government at trial. The criminal history of the informant is attached.

F. The defendant was not identified in a show up, photographic or live line-up.

G. The government has advised its agents and officers involved in this case to preserve all rough notes.

H. The government will advise the defendant prior to trial of its intent, if any, to introduce during its case in chief proof of evidence pursuant to F.R.E. 404(b). You are hereby on notice that all evidence made available to you for inspection, as well as all statements disclosed herein or in any future discovery letter, may be offered in the trial of this cause, under F.R.E. 404(b) or otherwise (including the inextricably-intertwined doctrine).

I. The defendant is not an aggrieved person, as defined in Title 18, United States Code, Section 2510(11), of any electronic surveillance.

J. The government has ordered transcribed the Grand Jury testimony of all witnesses who will testify for the government at the trial of this cause.

| | |
|---|---|
| K. | Controlled substances are involved in the instant prosecution. The report analyzing the same will be produced upon completion. |
| L. | The government does know of a boat allegedly used in the commission of this offense that is in the possession of the law enforcement. |
| M. | The government is presently unaware of latent fingerprints or palm prints which have been identified by a government expert as those of the defendants. |

The government is aware of its continuing duty to disclose such newly discovered additional information required by the Standing Discovery Order, Rule 16(c) of the Federal Rules of Criminal Procedure, Brady, Giglio, Napue, and the obligation to assure a fair trial.

In addition to the request made above by the government pursuant to both Section B of the Standing Discovery Order and Rule 16(b) of the Federal Rules of Criminal Procedure, in accordance with Rule 12.1 of the Federal Rules of Criminal Procedure, the government hereby demands Notice of Alibi defense; the approximate time, date, and place of the offense was:

Date: August 22, 2000
Time: approximately 2:45 p.m. through about 4:00 p.m.
Place: Quest Lounge, 381 West Prospect Road, Fort Lauderdale, Florida

Respectfully submitted,

GUY A. LEWIS
UNITED STATES ATTORNEY

By: *[signature]*

DONALD F. CHASE, II
ASSISTANT UNITED STATES ATTORNEY
Court No. A5500077
500 East Broward Boulevard, Suite 700
Fort Lauderdale, Florida 33394
Tel: (954) 356-7255
Fax: (954) 356-7336

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was hand-delivered this 11th day of September 2000 to Michael Matters, Esq., 1435 South Miami Avenue, Miami, Florida 33130.

_Donald F. Chase II_
DONALD F. CHASE, II
ASSISTANT UNITED STATES ATTORNEY